**KENT LAW OFFICES**
Trinette G. Kent (State Bar No. 025180)
3219 East Camelback Road, Unit 588
Phoenix, Arizona 85018
(480) 247-9644
tkent@kentlawpc.com

**KEOGH LAW, LTD**
Keith J. Keogh (*pro hac vice*)
William M. Sweetnam (*pro hac vice*)
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
312-726-1092
keith@keoghlaw.com
wsweetnam@keoghlaw.com

*Attorneys for Plaintiff and the Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KELLIE DEITS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No.: |
| v. | JURY TRIAL DEMANDED |
| ROCKET MORTGAGE, LLC | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff, Kellie Deits, individually and on behalf of all others similarly situated, through her undersigned counsel, complains against Defendant Rocket Mortgage, LLC ("Defendant" or "Rocket Mortgage") as follows:

203756

## I. NATURE OF ACTION

1. As the Supreme Court has noted, "Americans passionately disagree about many things. But they are largely united in their disdain for [telemarketing calls]." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020). "For nearly 30 years, the people's representatives in Congress have been fighting back." *Id.* Among Congress' efforts was the enactment of the Telephone Consumer Protection Act of 1991, commonly referred to as the TCPA. *See id.*

2. Rocket Mortgage, LLC, formerly Quicken Loans, LLC, is an American mortgage lender, headquartered in Detroit, Michigan. In January 2018, the company became the largest overall retail lender in the U.S. (it is also the largest online retail mortgage lender).

3. To promote its business and to generate leads for its mortgage related products and services, Rocket Mortgage conducted (and continues to conduct) a nationwide telemarketing campaign.

4. Unfortunately for Plaintiff and other members of the class proposed herein, Rocket Mortgage places repeated, unsolicited, telephone calls to persons who have told it to stop calling.

5. Here, Defendant made numerous such telemarketing calls to Plaintiff even after she demanded that she not be contacted again in violation of federal law prohibiting such practice.

6. Plaintiff brings this suit seeking injunctive relief, requiring Defendant to stop placing unsolicited telemarketing calls to residential and cellular telephone numbers of persons who had requested that such numbers be placed on the company's do-not-call list, as well as an award of statutory damages and costs.

## II.  JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

8. This Court has personal jurisdiction over Defendant, and venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and received the offending calls in this District.

## III.  PARTIES

9. Plaintiff Kellie Deits is a resident and domiciliary of Phoenix, Arizona.

10. Defendant Rocket Mortgage, LLC, is a Michigan limited liability company with its principal place of business in Detroit, Michigan. Defendant.

## IV.  TCPA BACKGROUND

11. Title 47 C.F.R. § 64.1200(d) requires businesses who engage in telemarketing to maintain a do-not-call list for people who request not to be called for telemarketing purposes. *See also In re Rules and Regulations Implementing the TCPA of 1991*, 7 FCC Rcd. 8752, 8765 (1992) ("[T]he company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations.").

12. The regulations include a set of minimum requirements for such businesses, including that the business "must record the request [to opt out of telemarketing calls] and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made." *Id.* § 64.1200(d)(3).

13. If a person makes a do-not-call request, the business must "honor" that request within a reasonable time from the date such request is made," but, in any event, no later than "thirty days from the date of such request." *Id.*

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(3).

### V.  FACTUAL ALLEGATIONS

**A.  Factual Allegations Regarding Defendant**

15. Defendant is a mortgage servicer and mortgage originator and is one of the largest mortgage lenders in the United States.

16. One of Defendant's strategies for marketing its mortgage products and services is to "cold call" potential customers whose numbers it acquires from third-party sources.

17. Recipients of Defendant's calls include Plaintiff and members of the Class defined herein.

**B.  Factual Allegations Regarding Plaintiff**

18. Plaintiff is an individual and a "person" as defined by 47 U.S.C. § 153(39).

19. Plaintiff's telephone number is (714) 401-XXXX, which she uses for residential purposes and which is not associated with any business.

20. On April 24, 2023, Plaintiff received a call placed to the above number in which the caller identified themselves as calling on behalf of Rocket Mortgage. During the call, the caller offered her mortgage lending products and services she had not requested nor inquired about.

4

21. Before the above-described call was terminated, Plaintiff requested that she not be contacted again.

22. Notwithstanding the above request not to be called, Defendant or someone acting on its behalf placed telemarketing calls to her phone repeatedly, sometimes calling several times a day.

23. Ignoring her request not to be contacted, Defendant called Plaintiff at least 27 more times over the next 10 days. These subsequent calls came from the same telephone number (844-972-1985) as the first call she received during which she instructed the caller to not call again.

24. Calls made to the telephone number from which Plaintiff received the above-referenced calls (844-972-1985) are answered with a recorded greeting that begins, "Thank you for calling Rocket Mortgage. All calls are monitored and recorded for quality assurance purposes, and we comply with all requests to opt out of our calls. Visit our privacy policy for our data practices."

25. The calls Plaintiff received were for the purpose of promoting its mortgage business.

## VI.  CLASS ACTION ALLEGATIONS

26. Plaintiff incorporates by reference all other paragraphs of this Complaint as though fully stated herein.

27. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the Class defined herein.

28. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

5

> All residential telephone subscribers who received more than one telemarketing call within a 12-month period from Rocket Mortgage (or another person or entity calling on its behalf) within five years after requesting Rocket Mortgage not call them.

Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

29. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as she has no interests that conflict with any of the Class members.

30. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy and the intrusion on their telephone that occupied it from receiving legitimate communications.

31. Members of the Class are identifiable through Defendant's dialer records, other telephone records, and telephone number databases.

32. Plaintiff does not know the exact number of Class members but reasonably believes Class members number, at minimum, in the hundreds given the number of complaints Defendant has received and the nationwide scale of its business.

33. The joinder of all Class members is impracticable due to their number and geographic diversity.

34. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

35. There are well defined, nearly identical questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the Class claims predominate over questions that may affect individual Class members.

36. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether Rocket Mortgage made multiple telephone calls to Plaintiff and members of the Class;

    b. Whether Rocket Mortgage's conduct constitutes a violation of the TCPA; and

    c. Whether members of the Class are entitled to treble damages based on the willfulness of Rocket Mortgage's conduct.

37. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

38. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Class.

39. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

40. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of individual members of the Class in individually controlling the

prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

41. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

## VII.  CAUSE OF ACTION

### Count I

**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and 47 U.S.C. § 64.1200(d)(3))**

42. Defendant violated 47 U.S.C. § 227 by making, or having its agent make, more than one telemarketing calls within a 12-month period to Plaintiff and members of the Class in violation of the requirements of 47 C.F.R. § 64.1200(d)(3).

43. As a result of the Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and National Do-Not-Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

44. Plaintiff and the Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from making telemarketing calls to their residential numbers in violation of their request not to be called.

45. The Defendant's violations were knowing or willful.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    Injunctive relief prohibiting Defendant from making telemarking calls to residential telephone numbers notwithstanding the request of Plaintiff and the Class that they not be called;

B.    That the Court enter a judgment awarding Plaintiff and all Class members the statutory damages, including treble damages, allowed under 47 U.S.C. 227(c)(5)(B); and

C.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, defining the Class as the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D.    Such other and further relief as the Court deems just and proper.

## IX.  JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: November 13, 2023                    Respectfully submitted,

    /s/ Trinette G. Kent

Trinette G. Kent (State Bar No. 025180)
KENT LAW OFFICES
3219 East Camelback Road, Unit 588
Phoenix, Arizona 85018
(480) 247-9644
tkent@kentlawpc.com

Keith J. Keogh (*pro hac vice*)
William M. Sweetnam (*pro hac vice*)
KEOGH LAW, LTD.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
keith@keoghlaw.com
wsweetnam@keoghlaw.com

*Attorneys for Plaintiff and the Proposed Class*